UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY HERBERT,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>KING COUNTY, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. C17-1246JLR<br><br>ORDER DISMISSING ACTION UNDER 28 U.S.C. § 1915(E)(2)(B) AND IMPOSING STANDING ORDER |

## I.　INTRODUCTION

Before the court is *pro se* Plaintiff Anthony Herbert's complaint against various defendants (Compl. (Dkt. # 1-1)), and Magistrate Judge Mary Alice Theiler's order granting Mr. Herbert *in forma pauperis* ("IFP") status and recommending that the court review his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) (IFP Order (Dkt. # 8) at 1). Under 28 U.S.C. § 1915(e), district courts have authority to review IFP complaints and must dismiss them if "at any time" it is determined that a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief

from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also id.* § 1915A(b)(1); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that § 1915(e) applies to all IFP proceedings, not just those filed by prisoners). As discussed below, Mr. Herbert's complaint falls within the category of pleadings that the court must dismiss.

## II. BACKGROUND

Mr. Herbert brings suit against King County, the Honorable Judge Timothy A. Bradshaw, public defender Kristin Shotwell, and prosecutor Rebecca Vasquez.[1] (Compl. at 2.) Mr. Herbert's claims arise from his competency hearings before Judge Bradshaw and the subsequent forcible administration of medication. (*See id.* at 2-3).

Mr. Herbert alleges that he was "an inmate at the King County Jail from November 18, 2011 through 2015." (*Id.* at 2.) While he was a pretrial detainee, he had a series of competency hearings before Judge Bradshaw. (*Id.*) In May of 2014, Judge Bradshaw found Mr. Herbert incompetent "for the fourth time in over two years." (*Id.*) At that hearing, Mr. Herbert's public defender, Kristin Shotwell, informed the court that Mr. Herbert requested to be sent to Western State Hospital ("WSH") for 180 days. (*Id.*) Mr. Herbert claims that Ms. Shotwell's representation was false—he "had not spoken to Ms. Shotwell nor did [he] tell her [he] want[ed] to go to a psych ward for an additional 6 months as opposed to being released pursuant to King County Policy and State law."

---

[1] Other than stating that Rebecca Vasquez is a "King County Superior Court employee[]," Mr. Herbert offers no further detail as to her involvement or role in this case. (*See* Compl. at 2; *see generally id.*) The court assumes that Ms. Vasquez was the King County prosecuting attorney of Mr. Herbert's competency hearings before Judge Bradshaw. (*Id.* at 2-3.)

(*Id.*)  Mr. Herbert claims to have made "ample pleas . . . stating 'I didn't say that,'" but Judge Bradshaw allegedly "ignore[d]" those statements and sent him to WSH.  (*Id.*)

After being sent to WSH allegedly over his objections, Mr. Herbert claims to have returned to court for a hearing on the administration of medication.[2]  (*Id.*)  As a result of this hearing, Mr. Herbert asserts that he was "forced to take antistrophic medications against [his] will."  (*Id.* at 3.)  In November 2014, Mr. Herbert complains that he was taken off of the medication "without any medical taper," causing "severe withdraw[al]s including but not limited to weight loss and insomnia for that period."  (*Id.*)

Mr. Herbert asserts that Judge Bradshaw, Ms. Shotwell, and Ms. Vasquez violated "the 1st, 5th, [and] 14th U.S. Amendments" and committed "Civil Conspiracy, Corruption and Washington Torts of Outrage, Negligence and Intentional or Reckless conduct and Unlawful Imprisonment."  (*Id.* at 3-4.)  Although Mr. Herbert includes King County as a municipal defendant, he does not list any legal claims against the county.  (*See id.* at 2-4.)  He seeks $500,000.00 in compensatory damages, $500,000.00 in punitive damages, and $25,000.00 in nominal damages, as well as the "cost and fees of this suit including but not limited to investigatory cost."  (*Id.* at 4.)

### III.   ANALYSIS

**A.   Section 1915 Review**

Title 28 U.S.C. § 1915(e)(2)(B) authorizes a district court to dismiss a claim filed IFP "at any time" if it determines:  (1) the action is frivolous or malicious; (2) the action

---

[2] Because Mr. Herbert does not specify who was at the hearing, it is unclear whether Judge Bradshaw, Ms. Shotwell, and Ms. Vasquez were involved.  (*See* Compl. at 2-3.)

fails to state a claim; or (3) the action seeks relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). The court concludes that Mr. Herbert fails to state a claim and additionally seeks relief from defendants who are immune from suit.

An IFP complaint must contain factual allegations "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept as true a legal conclusion presented as a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the pleading standard announced by Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555); *see* Fed. R. Civ. P. 8(a).

First, it is unclear whether Mr. Herbert brings any claims against King County, as he omits the county when listing legal claims against defendants. (*See* Compl. at 3-4.) Furthermore, Mr. Herbert pleads no facts applicable to the liability of King County. (*See generally* Compl.) A local government may not be sued under 42 U.S.C. § 1983 simply because its employees or agents inflicted an injury. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). Instead, a government entity may be liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* The entity may also be liable if it had "a policy or custom of failing to train its employees and that failure to train caused the constitutional violation." *Collins v. City of Harker Heights*, 503 U.S. 115, 123 (1992). Here, Mr. Herbert does not allege any factual allegations related to King County, let alone any factual allegations

regarding King County policies or customs. Thus, Mr. Herbert's claims against King County, if any, must be dismissed under § 1915(e)(2)(B)(ii).

Mr. Herbert's claims against Judge Bradshaw must also be dismissed because his claims are precluded by judicial immunity. *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) (holding that judges are absolutely immune from liability for acts performed in their official capacities and are liable only for acts taken in the clear absence of all jurisdiction or that are not judicial in nature). Mr. Herbert complains only of Judge Bradshaw's ruling of incompetency and thus, his claim rests entirely on Judge Bradshaw's exercise of his judicial authority. (*See* Compl. at 2-3.) Additionally, Mr. Herbert makes no allegations that Judge Bradshaw acted in his personal capacity and thus fails to address how his claims are not barred by judicial immunity. (*See generally* Compl.)

Similarly, Mr. Herbert's claims against Rebecca Vasquez must be dismissed. Assuming that Ms. Vasquez was the prosecutor in the case, she is subject to prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (holding that prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocate performing functions "intimately associated with the judicial phase of the criminal process"). As was the case with Judge Bradshaw, Mr. Herbert makes no argument that Ms. Vasquez was acting in her personal capacity; indeed, he

//
//
//

makes no argument regarding Ms. Vasquez at all. (*See generally* Compl.) Accordingly, his claims are barred by prosecutorial immunity.[3]

Finally, Mr. Herbert's allegations against Ms. Shotwell also fail to state a claim. Mr. Herbert states that Ms. Shotwell represented to the court that Mr. Herbert wished to be sent to WSH for 180 days when he had not spoken with her at all. (Compl. at 2.) From this one allegation, it is unclear what federal constitutional or statutory right Mr. Herbert claims that he was deprived of, and additionally, it is unclear what set of facts in support of his claim would entitle him to relief. Mr. Herbert's "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient to state a claim, and thus the court must dismiss his claim against Ms. Shotwell under § 1915(e)(2)(B)(ii). *See Ashcroft*, 556 U.S. at 678; 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, the court dismisses Mr. Herbert's complaint. When a court dismisses a *pro se* plaintiff's complaint, the court must give the plaintiff leave to amend unless it is absolutely clear that amendment could not cure the defects in the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Because of judicial and prosecutorial immunity, amendment would not cure the defects in Mr. Herbert's claims against Judge Bradshaw or Ms. Vasquez. However, for the claims against King County and Ms. Shotwell, the court grants Mr. Herbert fourteen (14) days to file an amended

---

[3] Even if Ms. Vasquez were not the prosecutor in Mr. Herbert's case, his claims against her must still be dismissed for failure to state a claim. Mr. Herbert makes no factual allegations against Ms. Vasquez. (*See generally* Compl.) Thus, his claims do not rise "above the speculative level." *See Twombly*, 550 U.S. at 555. As such, Mr. Herbert fails to state a claim against Ms. Vasquez. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

complaint that corrects the deficiencies identified herein. If Mr. Herbert fails to timely comply with this order or fails to file an amended complaint that addresses the identified deficiencies, the court will dismiss his complaint without leave to amend.

**B.     Standing Order Against Mr. Herbert**

Mr. Herbert has attempted to bring suit numerous times in the Western District of Washington. In the last few months, Mr. Herbert has filed three cases, in addition to this one. *See Harvey v. Fed. Bureau of Investigations*, No. 17-1054JLR (W.D. Wash. filed July 10, 2017); *Herbert v. United States*, No. 17-1168JLR (W.D. Wash. removed Aug. 1, 2017); *Herbert v. Snohomish Cty. et al.*, No. 17-1373JLR (W.D. Wash. filed Sept. 12, 2017). Prior to these three, Mr. Herbert previously filed nine other suits. *See Herbert v. Fed. Bureau of Investigation*, No. 17-1032JLR (W.D. Wash. terminated Aug. 17, 2017); *Herbert v. King Cty. et al.*, No. 16-0380RSL (W.D. Wash. terminated July 7, 2017); *Herbert v. King Cty.*, No. 14-1906RAJ (W.D. Wash. terminated Dec. 5, 2016); *Herbert v. Silva*, No. 14-0763MJP (W.D. Wash. terminated June 30, 2014); *Herbert v. King Cty., et al.*, No. 14-0730TSZ-BAT (W.D. Wash. terminated Oct. 17, 2016); *Herbert v. King Cty.*, No. 13-0640RSL (W.D. Wash. terminated Feb. 2, 2017); *Herbert v. Lovell, et al.*, No. 13-0044TSZ (W.D. Wash. terminated June 20, 2014); *Herbert v. Balducci, et al.*, No. 12-1429MJP (W.D. Wash. terminated Apr. 27, 2015); *Herbert v. Reg'l Justice Ctr.*, No. 03-1203RSL (W.D. Wash. terminated Aug. 26, 2003).[4]

---

[4] Some of these suits proceeded to the summary judgment stage. *See Herbert v. King Cty. et al.*, No. 16-0380RSL (R&R (Dkt. # 54)); *Herbert v. Lovell, et al.*, No.13-0044TSZ (Order (Dkt. # 68)); *Herbert v. Balducci et al.*, No. 12-1429MJP (Order (Dkt. # 142)). Others were

1       Mr. Herbert's actions have placed an unwarranted burden on this district. Many of his suits involve a high number of defendants. *See, e.g.*, *Herbert v. King Cty. et al.*, No. 14-1906RAJ (Compl. (Dkt. # 7) at 3 (bringing suit against 29 defendants)). Some of Mr. Herbert's suits allege, almost verbatim, the same allegations against the same defendant, even though the earlier suit had been dismissed. *Compare Herbert v. Fed. Bureau of Investigation*, No. 17-1032JLR (Dkt. # 8), *with Herbert v. Fed. Bureau of Investigation*, No. 17-1054JLR (Dkt. # 5-1). In several of the suits, Mr. Herbert filed an extraordinary number of motions; for instance, in *Herbert v. Balducci et al.*, he filed seven motions to compel and numerous other motions and objections that the court denied. No. 12-1429MJP (Dkt. ## 48, 59, 76, 77, 87, 106, 131); *see generally id.* (Dkt.). And in each suit, Mr. Herbert seeks to proceed *in forma pauperis* and is often granted that status. *See, e.g.*, *Herbert v. King Cty. et al.*, No. 16-0380RSL (IFP Order (Dkt. # 6)).

      Moreover, many of Mr. Herbert's complaints are frivolous, or at least provide no basis for the court to conclude that they are not frivolous. *See Herbert v. Silva*, No. 14-0763MJP (R&R (Dkt. # 7) at 2 (dismissing for failure to exhaust state court remedies and lack of a cognizable issue)); *Herbert v. Reg'l Justice Ctr.*, No. 03-1203RSL (R&R (Dkt. # 4) (dismissing under § 1915(e)(2)(B) frivolousness review)). Indeed, the last three suits filed by Mr. Herbert failed to proceed past the motion to dismiss stage. *See, e.g.*, *Herbert v. Snohomish Cty. et al.*, No. 17-1373JLR (Order (Dkt. # 5) (dismissing under § 1915(e)(2)(B) frivolousness review)); *Herbert v. United States*, No. 17-1168JLR,

---

settled outside of court. *See Herbert v. King Cty. et al.*, No. 14-0730TSZ-BAT (Letter (Dkt. # 124)); *Herbert v. King Cty.*, No. 13-0640RSL (Stip. Mot. (Dkt. # 99)).

(Order (Dkt. # 12) (dismissing for failure to exhaust administrative remedies)); *Harvey v. Fed. Bureau of Investigations*, No. 17-1054JLR (Order (Dkt. # 11) (adopting R&R dismissing under § 1915(e)(2)(B) frivolousness review)). Thus, the court has dismissed at least five of Mr. Herbert's complaints—six, counting the instant action—at an early stage in the proceedings.

Federal courts have the discretion to enjoin certain litigants from engaging in frivolous litigation. *See* 28 U.S.C. § 1651; *Clinton v. United States*, 297 F.2d 899 (9th Cir. 1961). Litigation misconduct is also subject to sanctions under the court's inherent powers. *See* Local Rules W.D. Wash. GR 3(d) (giving the court authority to sanction a party who "presents to the court unnecessary motions or unwarranted opposition . . . , or who otherwise so multiplies or obstructs the proceedings in a case as to increase the cost thereof unreasonably and vexatiously"); Fed. R. Civ. P. 11 (allowing for sanctions where "a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose"); *see also Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). Accordingly, the court has the inherent authority to enjoin Mr. Herbert's future filings and to issue sanctions if he continues to abuse the judicial process by acting vexatiously, wantonly, or with oppressive motives. *See Gomez v. Vernon*, 255 F.3d 1118, 1133-34 (9th Cir. 2001) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980)).

When faced with litigation abuses by a *pro se* party, a court "cannot . . . decline to impose a sanction, where a violation has arguably occurred, simply because plaintiff is proceeding *pro se*." *See Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994). The sanctions that may be imposed under any or all of the above authorities include monetary

sanctions and the imposition of a standing bar order that limits a plaintiff's ability to file future actions *pro se*.

In light of the foregoing, the court announces the entry of a standing order restricting any future action that Mr. Herbert files in the Western District of Washington. This order does not prevent Mr. Herbert from filing future actions, but it requires him to commence the action with a complaint that meets the notice pleading requirements of Federal Rule of Civil Procedure 8. If the complaint does not meet those requirements, the complaint will not be assigned a case number. The standing order strikes an appropriate balance between Mr. Herbert's right of access to the court and the burden that his repeated litigation misconduct imposes on the courts in this district. Mr. Herbert retains his opportunity to file a proper complaint as well as an avenue to pursue an appeal.

This order, which states the restrictions placed upon Mr. Herbert, shall become the first document entered on the docket of Case No. MC17-0136JLR, which shall be captioned "In re Anthony Herbert."

//
//
//
//
//
//
//

# IV. CONCLUSION

For the foregoing reasons, the court ORDERS the following:

(1) the court DISMISSES Mr. Herbert's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) with leave to amend those portions of the complaint identified above within fourteen (14) days of the filing of this order. However, the court dismisses Mr. Herbert's claims against Judge Timothy Bradshaw and Rebecca Vasquez with prejudice and without leave to amend; and

(2) the court announces the entry of standing restrictions on any future action that Mr. Herbert files. These restrictions include:

    a. Any future *pro se* action filed by Mr. Herbert shall be entered on the docket of Case No. MC17-0136JLR, which shall be captioned "In re Anthony Herbert." This order, which specifies the restrictions against Mr. Herbert, shall be the first document entered on that docket;

    b. The clerk is directed not to issue summons in any *pro se* action Mr. Herbert files without approval of the presiding court;

    c. In an attempt to prevent further instances of litigation misconduct by Mr. Herbert, any *pro se* complaints or petitions filed by Mr. Herbert in this district shall be subject to review by the undersigned prior to issuance of summons or service of process; and

    d. In any case where the presiding court determines that Mr. Herbert's complaint is insufficient, the presiding court may dismiss the action on the basis of this order without issuing an order to show cause. The

presiding court may also enter an order directing the clerk not to accept further pleadings in the action other than a notice of appeal.

(3) The clerk shall send a copy of this order to Mr. Herbert.

Dated this 27th day of October, 2017.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　JAMES L. ROBART
　　　　　　　　　　　　　　　　United States District Judge